# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CASE NO.

UPP GLOBAL, LLC, a foreign limited
liability company,

    Plaintiff,

v.

DANIEL MCNUTT, an individual,

    Defendant.
_____/

## COMPLAINT FOR (1) DECLARATORY JUDGMENT; (2) BREACH OF FIDUCIARY DUTY; AND (3) RESTITUTION/UNJUST ENRICHMENT

Plaintiff, UPP Global, LLC ("UPP"), sues Defendant, Daniel McNutt, and alleges:

## PRELIMINARY STATEMENT

1. This action arises out of Defendant's termination "for Cause" from his executive employment position with UPP and the parties' dispute regarding the effect of that termination on Defendant's contractual rights. UPP also seeks relief for Defendant's breaches of fiduciary duties owed to UPP.

## THE PARTIES

2. UPP is a Delaware limited liability company with its principal place of business in Plymouth Meeting, Pennsylvania.

3. Defendant is a natural person residing in Pinellas County, Florida

4. Defendant served as UPP's Chief Executive Officer during the period relevant to this action.

## JURISDICTION AND VENUE

5. This is an action for declaratory judgment pursuant to Florida Statute 86.011 et. seq., and for restitution and damages arising from Defendant's breach of fiduciary duty, misappropriation of funds, sexual harassment, and related misconduct.

6. This Court has subject-matter jurisdiction under 28 U.S.C. §1332 because UPP and Defendant are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. The Court has jurisdiction over Count II (state-law breach of fiduciary duty) under 28 U.S.C. §1367(a) because it forms part of the same case or controversy as the federal claims.

8. Venue is proper in this District under 28 U.S.C. §1391(b) because Defendant resides here and because a substantial part of the events or omissions giving rise to the claims occurred in this District.

9. Defendant is subject to personal jurisdiction in Florida because, among other things, he transacted business in Florida, committed tortious acts in Florida, and agreed to applicable forum selection and choice-of-law provisions in his employment agreement.

## GENERAL ALLEGATIONS

10. Defendant served as UPP's Chief Executive Officer pursuant to an employment agreement dated August 2, 2024 (the "Employment Agreement"). A true and correct copy of the Employment Agreement is appended hereto as <u>Exhibit A</u>.

11. Defendant also executed a Business Protection Agreement, which imposed additional duties regarding confidentiality, non-competition, and non-solicitation. The Business Protection Agreement was appended as an exhibit to the Employment Agreement.

12. The Employment Agreement defines "Cause" to include, among other things:

    a. Defendant's material breach of his material responsibilities to UPP, or his willful failure to comply with a reasonable and lawful directive of the Chief Executive Officer of UPP's parent entity, Towne Park, LLC ("Towne Park") or the written policies of UPP (Employment Agreement, § 4(c)(ii));

3

    b.    Defendant's breach of his material representations, warranties, covenants and/or obligations under the Employment Agreement or the Business Protection Agreement (Employment Agreement, § 4(c)(iii));

    c.    Defendant's engagement in conduct that brings or is reasonably likely to bring UPP negative publicity or into disgrace, embarrassment, or disrepute with the general public or its customers or clients (Employment Agreement, § 4(c)(vi)).

13.    As UPP's Chief Executive Officer, Defendant owed UPP fiduciary duties of loyalty, care, and good faith, as well as a duty to comply with all company policies, including UPP's Sexual Harassment Policy and policies regarding expense reimbursement and conflicts of interest.

14.    During his tenure, Defendant engaged in a pattern of misconduct, including but not limited to:

    a.    Violation of UPP's Travel and Expense Policy by submitting personal expenses for reimbursement, and retaining such reimbursements for an estimated amount in excess of $140,000;

    b.    Engagement in conduct that was reasonably likely to damage UPP's reputation and bring about embarrassment among its customers and clients, by sending unintelligible, threatening,

|   |   |
|---|---|
|   | obscenity-filled, early morning (e.g., 4:00 AM) email messages to customers; |
| c. | Breach of his material responsibilities to UPP and violation of Section 5.10 ("Conflicts of Interest") of UPP's Employee Handbook by offering financial side deals to UPP employees in exchange for their assistance advancing his own pecuniary goals; |
| d. | Willful failure to comply with the lawful directive of the CEO of Towne Park to cease any involvement with UPP's operations (which directive was a result of Defendant's ongoing improper conduct, which had been deemed a potential liability to UPP); |
| e. | Violation of Section 5.01 ("Workplace Conduct/Standards of Conduct") and 9.11 ("Electronic Resources") of UPP's Employee Handbook by sending sexually explicit and profanity-laden text messages to subordinates, referring to UPP employees as "retarded" and their execution of his directives as "retardation levels," and browbeating employees whom he deemed having questioned his authority; |

   f. Engaging with non-exempt employees after-hours in a manner he knew or should have known would subject UPP to potential liability under state and federal wage and hour laws; and

   g. Creating a negative and hostile work environment by yelling, screaming, and using profane and derogatory language toward employees, including referring to individuals as "a cancer" and "retarded."

15. On September 16, 2025, Defendant was issued a Corrective Action Notice detailing violations and setting out required corrective actions, including mandatory training, compliance sessions, disclosure of dealings, and restrictions on his role. The notice warned that further misconduct would result in termination for Cause.

16. Upon Defendant's return from a personal leave of absence in early January, 2026, the Senior Vice President, HR at Towne Park attempted to schedule a meeting with Defendant (a) regarding additional violations of the Employment Agreement that had come to light during his leave of absence, and (b) to reiterate the expectations contained in the Corrective Action Notice.

17. Defendant declined to meet with the Senior VP, HR.

18. On January 5, 2026, UPP delivered written notice terminating Defendant for Cause (the "Termination Letter"). A true and correct copy is

appended hereto as <u>Exhibit B</u>. The notice also reminded Defendant of his continuing obligations under the Business Protection Agreement and other relevant agreements.

19. Defendant disputes the validity of his termination for Cause and claims entitlement to compensation and benefits under the Employment Agreement, creating a *bona fide*, actual, present, and practical need for a declaration as to the parties' rights and obligations.

20. Defendant has failed and refused to return funds misappropriated from UPP, and his conduct has caused the Company to incur damages, including but not limited to the value of misappropriated funds, costs of investigation, and reputational harm.

21. All conditions precedent to the commencement of this action, if any, have been satisfied, discharged, or waived.

22. A present, concrete controversy exists regarding the effect of the Cause determination and Defendant's claimed rights under the Employment Agreement.

23. All conditions precedent have occurred, been performed, or been waived.

## COUNT I – DECLARATORY JUDGMENT
### (28 U.S.C. §2201 et seq.)

24. UPP re-alleges and incorporates the allegations in paragraphs 1-23 as if fully set forth herein..

25. An actual, substantial controversy exists concerning the parties' rights and obligations under the Employment Agreement and related policies following Defendant's termination for Cause, warranting entry of a declaratory judgment by the Court.

26. The declaration sought deals with a present and ascertained set of facts, including Defendant's pattern of misconduct, breach of fiduciary duty, misappropriation of funds, and violation of company policies.

27. UPP's rights and Defendant's rights are dependent upon the law applicable to these facts and the terms of the Employment Agreement and related policies.

28. The relief sought is not merely the giving of legal advice by the Court or the answer to questions propounded out of curiosity.

29. UPP asserts that Defendant's conduct constitutes Cause for termination under the Employment Agreement and applicable law, and that Defendant is not entitled to further compensation or benefits.

30. Upon information and belief, Defendant disputes that his conduct constitutes Cause and claims entitlement to compensation and benefits.

31. A judicial declaration will resolve uncertainty regarding whether Defendant is entitled to any severance, bonuses, equity acceleration/vesting, or other post-termination benefits under the Employment Agreement and related corporate policies.

WHEREFORE, UPP respectfully requests:

- A. A declaration that Defendant's termination was "for Cause" under the Employment Agreement;

- B. A declaration that Defendant is not entitled to severance, bonuses, equity acceleration/vesting, or other post-termination benefits under the Employment Agreement;

- C. A declaration that UPP may enforce any contractual forfeiture/clawback and offset rights; and

- D. Taxable costs (and attorney's fees if authorized by contract, statute, or as a sanction); and

- E. Such other and further relief as the Court deems just and proper.

## COUNT II – RESTITUTION/UNJUST ENRICHMENT

32. UPP re-alleges and incorporates the allegations in paragraphs 1 through 23 as though fully set forth herein.

33. Defendant knowingly accepted and retained money and/or benefits from UPP through improper expense submissions, reimbursements, or other unauthorized payments.

WHEREFORE, UPP demands judgment against Defendant for:

A. An order from the Court requiring Defendant to return all funds misappropriated from UPP; and

B. Taxable costs (and attorneys' fees if authorized by contract, statute, or as a sanction); and

C. Such other and further relief as the Court deems just and proper.

## COUNT III – BREACH OF FIDUCIARY DUTY

34. UPP re-alleges and incorporates the allegations in paragraphs 1 through 23 as if fully set forth herein.

35. As a senior officer of UPP, Defendant owed fiduciary duties of loyalty, care, candor, and good faith to UPP.

36. Defendant breached those duties by, inter alia:

   a. Engaging in undisclosed self-dealing and conflicted transactions;

   b. Violating UPP policies and internal controls; and

   c. Acting in bad faith and contrary to UPP's interests.

37. Defendant's breaches were intentional, willful, and/or in bad faith and proximately caused damages to UPP.

38. UPP suffered damages including lost profits and opportunities, investigation and remediation costs, overpayments, and other consequential harm. Equitable remedies are also appropriate, including forfeiture/ disgorgement of

compensation during periods of disloyalty and imposition of a constructive trust over ill-gotten gains.

WHEREFORE, UPP demands judgment against Defendant for:

    A.    Compensatory damages in an amount to be proven at trial;

    B.    Equitable relief including disgorgement/forfeiture, unjust enrichment, and constructive trust;

    C.    Pre- and post-judgment interest at the maximum lawful rate;

    D.    Taxable costs (and attorney's fees if authorized by contract, statute, or as a sanction); and

    E.    Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

UPP demands a jury trial on all issues so triable as of right, including Count III and any legal issues under Count I. Count II seeks equitable relief and is triable to the Court.

## RESERVATION OF RIGHTS AND PRESERVATION

UPP reserves the right to amend this Complaint to add parties, claims (including breach of contract, conversion, accounting, injunctive relief for restrictive covenants under §542.335, Fla. Stat., trade-secret claims under FUTSA, §688.001 *et seq*., and ERISA and IRS Code violations), and remedies as discovery progresses.

Dated: February 11, 2026.

Respectfully submitted,

*/s/ D. Porpoise Evans*

D. Porpoise Evans, Esq.
Florida Bar No. 576883
Email: dpevans@littler.com
LITTLER MENDELSON P.C.
100 SE 2nd Street, Suite 4300
Miami, FL 33130
Telephone:   305.400.7500
Facsimile:    786.228.4981

Justin O. Scott, Esq.
Florida Bar No. 1015628
Email: juscott@littler.com
LITTLER MENDELSON P.C.
111 N. Orange Ave, Suite 1750
Orlando, FL 32801
Telephone:   407.393.2900
Facsimile:    407.641.8731

*Attorneys for Plaintiff*